CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 31 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE WATTS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:06CV00334 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY O'BRIEN, WARDEN, | ) | By: Hon. Glen E. Conrad |
|     Respondent. | ) | United States District Judge |

The petitioner, Andre Watts, a federal inmate proceeding pro se, filed this action as a petition for writ of mandamus under 28 U.S.C. § 1361. For the following reasons, the court concludes that the action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[1]

Background

Watts is presently incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. Watts is housed in the special housing unit at the prison, pursuant to an administrative detention order issued on May 24, 2006. According to Watts, the administrative detention order was allegedly issued for the purpose of investigating a disciplinary violation. However, Watts contends that he has not committed any disciplinary violations, and that there is no need for him to be held in the special housing unit. Watts alleges that the respondent violated the federal regulations pertaining to administrative detention, 28 C.F.R. §§ 541.10-541.23, by not providing copies of the incident report or administrative detention order in a timely manner. Watts further alleges that the respondent violated his due process rights. Watts now seeks a writ of mandamus directing the respondent to release him from the special housing unit.

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

## Discussion

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). The party seeking mandamus relief must show that he has no other adequate means to attain the relief he desires and that his entitlement to relief is clear and undisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). The United States Court of Appeals for the Fourth Circuit has held that a party seeking a writ of mandamus must demonstrate "each and every one" of the following "rigorous" requirements: "(1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances." United States ex rel. Rahman v. Oncology Assocs., P.C., 201 F.3d 277, 286 (4th Cir. 1999).

In this case, it is clear that Watts has other adequate means to attain the relief he requests. First, Watts may seek relief through the Federal Bureau of Prisons' administrative remedy process, which enables inmates to obtain formal review of issues that relate to any aspect of their confinement. See 28 C.F.R. §§ 542.10-542.19. Watts may also file an action for injunctive relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[2] Consequently, because other adequate means of obtaining the relief Watts desires are available, Watts is not entitled to mandamus relief.

---

[2] The court notes that if the petitioner chooses to file a Bivens action, he must first exhaust his administrative remedies. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.").

2

For the reasons stated, Watts's petition for writ of mandamus must be dismissed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 31st day of May, 2006.

                                                United States District Judge